IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jonathan C. Logan, | Case No. 4:09 CV 1919 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| | JUDGE JACK ZOUHARY |
| J. T. Shartle, et al., | |
| Respondents. | |

*Pro se* Petitioner Jonathan Logan filed a Petition for Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2241. Logan is currently serving a 46-month federal sentence at the Federal Correctional Institute (FCI) in Elkton, Ohio. He seeks to be transferred to a lower security facility under the Second Chance Act of 2007, 18 U.S.C. § 3624(c)(1).

Petitioner admits he has not exhausted his administrative remedies (Doc. No. 1, p. 2), as is required for habeas claims under Section 2241. *See Leslie v. U.S.*, 89 F. App'x 960, 961-62 (6th Cir. 2004) ("It is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241"). Petitioner requested a transfer from his "unit team" officials at the Elkton FCI, but the officials denied his request (Doc. No. 1, p. 2). However, there are still at least two levels of administrative review left open to Petitioner. *See Roberts v. Dewalt*, 2008 WL 2704161 at *2 (E.D. Ky, July 2, 2008) (citing 28 C.F.R. §§ 542.10-16, which provides that a federal prisoner can appeal an adverse decision of prison officials to the regional director, then to the general counsel of the Bureau of Prisons).

Petitioner claims that resorting to administrative remedies would be "futile" in his case, but he does not explain why this is so (Doc. No. 1, p. 2). To the extent Petitioner implies that the administrative appeals process would take time, such delay does not establish "futility." *See, e.g.*, *Drummond v. Martinez*, 2009 WL 3241851 at *4 (M.D. Pa, Oct. 5, 2009) ("exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark" under the Second Chance Act).

Accordingly, the Petition for Writ of Habeas Corpus is dismissed without prejudice. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

It light of this ruling, Petitioner's Motion to Proceed in Forma Pauperis (Doc. No. 5) and Motion for Appointment of Counsel (Doc. No. 6) are denied as moot.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 22, 2009